COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-169-CR

 

 

MICHAEL JOE TAYLOR                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Michael Joe Taylor was
charged with driving while intoxicated (DWI) by not having the normal use of
his mental or physical faculties by reason of the introduction of alcohol, a
controlled substance, a drug, a dangerous drug, or a combination of two or more
of those substances into his body or by having an alcohol concentration of at
least 0.08.  The jury was charged on both
theories of intoxication and convicted him of DWI.  The trial court sentenced him to one year=s confinement in jail, probated for twenty-four months, with
seventy-two hours in the Denton County jail and eighty hours of community
service as conditions of probation, and a $300 fine.  

In three issues, Appellant challenges
the State=s evidence concerning the intoxilyzer results, comparative
evidence regarding other defendants who had breath alcohol concentrations
(BACs) of 0.166 according to the intoxilyzer results, and the trial court=s denial of Appellant=s request for the computer and computer program for the
intoxilyzer used to test his BAC. 
Because we hold that Appellant did not preserve his issues contending
that the trial court abused its discretion by admitting evidence and did not
prove a Brady[2]
violation or a violation of the right to confrontation regarding the computer
and computer program, we affirm the trial court=s judgment.  








In his third issue, Appellant argues
that the trial court abused its discretion by admitting testimony concerning
other individuals arrested for DWI who tested 0.166 on the intoxilyzer, as did
Appellant, and these individuals= abilities to use their mental and physical faculties at the time
of their arrests.  Appellant contends
that the admission of the evidence violated rules 104, 105, and 801 of the
rules of evidence, the Sixth Amendment of the United States Constitution,
Article I, Section 10 of the Texas Constitution, and article 1.25 of the code
of criminal procedure.[3]

On direct examination, the prosecutor
asked the arresting officer,

Q.     Has it been
your experience that you interacted with individuals who have given a breath
test that of say .166 or a .165 that have been coherent?

 

A.     Yes, sir.

 

Q.     And able to
speak?

 

A.     Yes, sir.

 

Q.     In your
opinion at being a .166 and a .165, is an individual intoxicated?

 

A.     Yes, sir.

 

Appellant did not object to any of these inquiries.  On cross-examination, defense counsel asked,

Q.     . . . .  Well, we=re talking
about a man that you are saying is double the legal limit, or .16, who is
intelligently answering 50 questions that you have asked him; is that correct?

 

A.     It happens all
the time, sir.

 

Q.     It
happens.  Well, I C I was just
asking you.  I don=t C just answer
my questions.








Appellant did not object to the evidence.  

On redirect, the prosecutor made the
following inquiry, AYou stated earlier, and defense counsel tried to pin you down on
this case[;] you stated earlier that you=ve seen individuals with .166. 
You say it happens all the time. 
Can they talk coherently?@  Appellant objected on the
grounds of Acomparative testimony@ and relevance under rules 104 and 105.  The prosecutor replied that he was not
comparing the officer=s testimony to that of another witness, but asking the officer
about his prior testimony.  The trial
court overruled Appellant=s objection.  The
questioning continued,

Q.     Have you seen
.166 individuals who have been able to talk and speak with you?

 

A.     Yes, sir.

 

Q.     Do you believe
those individuals had the use of their mental or physical faculties?

 

A.     No, sir.

 

Q.     Do you believe
those individuals were intoxicated under the law?

 

A.     Yes, sir.

 








Appellant did not object until after the last
question.  The trial court sustained
Appellant=s objection to the last question Afor comparative cases and comparative testimony@ and on grounds of relevance under rules 104 and 105, instructed
the jury to disregard the answer, and denied Appellant=s request for a mistrial.

Because Appellant objected only on
the bases of Acomparative testimony@ and relevance, his arguments based on rule 801 of the rules of
evidence, the Sixth Amendment of the United States Constitution, Article I,
Section 10 of the Texas Constitution, and article 1.25 of the code of criminal
procedure were not preserved.[4]  Additionally, because the evidence he
complains of came in elsewhere without objection, as demonstrated above, he has
also forfeited his complaints based on relevance and comparative testimony.[5]  We overrule Appellant=s third issue.








In Appellant=s second issue, he contends that the trial court abused its
discretion by denying his request for the computer and computer program for the
intoxilyzer machine used in his case, violating his right to a fair trial and
due process under the Fifth Amendment, the Sixth Amendment, and Article I,
section 10 of the Texas Constitution.[6]  Appellant also raises and focuses on Brady
in the discussion of his issue.  Of these
arguments, Appellant preserved at trial only his Brady argument and,
within that, his Sixth Amendment right to an adequate defense.[7]  But Appellant has not shown a reasonable
probability that had he been given access to the computer and computer program,
the outcome of the trial could have been different.[8]  He therefore has not shown reversible Brady
error or, correspondingly, a violation of his Sixth Amendment right to an
adequate defense.[9]  To the extent that Appellant raises
confrontation in the discussion of this issue, having preserved that complaint
below, we note that neither the computer nor the computer program is a witness
that could be called to testify.[10]  Therefore, we hold that Appellant=s right to confrontation is not implicated by their absence.[11]  We overrule Appellant=s second issue.








In his first issue, Appellant
contends that the trial court abused its discretion by admitting testimony from
the technical supervisor about the test results when he could not testify about
the intoxilyzer=s computer or computer program and therefore could not testify
about the intoxilyzer=s scientific reliability. 
We note that Appellant did not challenge the sufficiency of the evidence
to support the jury=s verdict on the alternate ground regarding the lack of normal use
of Appellant=s mental and physical faculties, nor did he challenge the
admissibility of evidence regarding that prong. 
But in Bagheri v. State, the Texas Court of Criminal Appeals held
that improper admission of expert testimony in a DWI case was reversible error
even though the evidence was sufficient to sustain the alternative theory of
intoxication.[12]  We therefore cannot simply affirm the general
verdict based on the alternate theory of proof of intoxication.[13]








The record shows that defense counsel
objected when the intoxilyzer testimony was first offered.  After the State offered a printout of the
intoxilyzer or BAC results, State's Exhibit No. 4, defense counsel
"re-urged" his objections.  The
trial court overruled the objections and admitted the exhibit.  Then the technical supervisor testified about
Appellant=s test results as shown on State=s Exhibit No. 4 without objection to his testimony.  Defense counsel also elicited testimony
involving the intoxilyzer:

 

Q.     . . . .  Now, has this machine ever malfunctioned
while it was under your authority as the scientific supervisor over Area 23?

 

A.     Malfunctions?  No.

 

Q.     Did you have
to repair it?

 

A.     Sure.  Just like anything else, it requires
maintenance from time to time.        

 

Q.     Okay.  Have you ever had an Intoxilyzer 5000 not
work properly?

 

A.     Yes.  When they=re not
working properly, we take them out for maintenance.

 

Q.     Okay.  Do you know if any individuals may have been
given the test and the test wasn=t properly
maintained?  Or it was a wrong score? Do
you know if that=s ever
happened?

 

A.     Not that I=m aware of.

 

Q.     You=re saying
that everybody that was brought to trial had the correct test results of
thousands of tests?

 

A.     As we=re sitting
here in trial yes, that=s what I=m saying
today.

 








Defense counsel also questioned the
challenged witness about the test results, including asking how many drinks
Appellant would have had to consume to get a BAC of 0.16, what the rate of
elimination of alcohol from the body would be, and what a person who had twelve
drinks would look like.  Defense counsel
did not object to any of the answers. 
The witness also testified without objection during cross-examination, AIf in fact this individual has an alcohol concentration of .16, I
have no doubt in believing the accuracy and validity of the test.@

As the Texas Court of Criminal
Appeals has explained,

The general rule is that error regarding improperly
admitted evidence is waived if that same evidence is brought in later by the
defendant or by the State without objection. 
However, error is not waived when the evidence is brought in later in an
effort to meet, rebut, destroy, deny or explain the improperly admitted
evidence.[14]

 

Nothing in the record suggests that Appellant invoked the
exception to the general rule when defense counsel also treated the witness as
an expert.  Under the limited facts of
this case, we hold that Appellant has not preserved his complaint for appeal.[15]  We therefore overrule his first issue.

Having overruled Appellant=s three issues, we affirm the trial court=s judgment.

 

LEE ANN DAUPHINOT

JUSTICE








 

PANEL:  DAUPHINOT,
HOLMAN, and WALKER, JJ.

PUBLISH

 

DELIVERED: August 14, 2008











[1]See Tex. R. App. P. 47.4.





[2]Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963). 






[3]U.S. Const amend. VI; Tex.
Const. art. I, ' 10; Tex. Code
Crim. Proc. Ann. art. 1.25 (Vernon 2005); Tex. R. Evid. 104, 105, 801.





[4]See Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S.
1070 (1999).





[5]See Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.), cert. denied, 528 U.S.
1026 (1999); Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).





[6]U.S. Const amends. V, VI; Tex.
Const. art. I, ' 10.





[7]See Tex. R. App. P. 33.1(a)(1); Mosley, 983
S.W.2d at 265.





[8]See Webb v. State, 232 S.W.3d 109, 114B15 (Tex. Crim. App. 2007).





[9]See id.





[10]See Torres v. State, 109 S.W.3d 602, 606B07 (Tex. App.CFort Worth 2003, no pet.) (holding unavailability of
computer program in gas chromatography machine used to analyze blood does not
violate right to confrontation).





[11]See id.





[12]Bagheri v. State, 119 S.W.3d 755, 763B64 (Tex. Crim. App. 2003).





[13]See id. at
761B62.





[14]Rogers v. State,
853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (citations omitted).





[15]See Fuentes,
991 S.W.2d at 273; Leday, 983 S.W.2d at 718.